IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVANEH BORHANI,<br><br>            Plaintiff,<br><br>   v.<br><br>U.S. GOVERNMENT AND GOVS OF OTHER COUNTRIES,<br><br>            Defendant.                              / | No. C 06-07821 SI<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DEFERRING IN FORMA PAUPERIS APPLICATION** |

Plaintiff filed this action on December 20, 2006, seeking recovery from the United States government and governments of other countries. She also petitioned to proceed *in forma pauperis*. Plaintiff seeks relief in the form of cash, shelter, food, and a plane ticket. The complaint does not state a basis for recovery or why plaintiff is entitled to relief. Plaintiff alleges that she "has gotten no pay for previous work," is "currently sleeping outdoors," and is the victim of an "unfair marriage dissolution." Compl. She does not provide a causal connection between these results and any action taken by defendants, nor does she allege that the United States government and governments of other countries have violated the law in any way.

The Court must also advise plaintiff that her complaint is unacceptable as currently written. As it stands, the complaint consists of several largely incoherent, bullet-pointed statements. Plaintiff's difficult to follow complaint runs afoul of Federal Rule of Civil Procedure 8(a), which requires that a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Similarly, Rule

8(e), requires that "each averment of a pleading shall be simple, concise, and direct." The purpose of these requirements is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). In practical terms, the requirements of Rule 8 ensure that a defendant will be able to respond to the allegations against him or her. *Edwards v. N. Am. Rockwell Corp.*, 291 F. Supp. 199, 211 (C.D. Cal. 1968) ("Rule 8(a)(2) envisions the presentation of factual allegations of sufficient clarity and certainty to enable defendants to determine the basis of plaintiff's claim and to formulate a responsive pleading.")

Plaintiff's complaint, as it is currently written, is too incoherent to give defendants fair notice of the claims against them. Accordingly, if plaintiff chooses to file an amended complaint, she must clarify her allegations to ensure that they comply with Federal Rule of Civil Procedure 8. The amended complaint should clearly state how defendants have deprived plaintiff of her legal rights.

Should she wish to do so, Plaintiff must file her amended complaint **on or before February 15, 2007.** If plaintiff fails to file her amended complaint by that date, the matter will be dismissed with prejudice. Consideration of Plaintiff's application to proceed *in forma pauperis* will be deferred until plaintiff files her amended complaint.

**IT IS SO ORDERED.**

Dated: January 25, 2007

SUSAN ILLSTON
United States District Judge